UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| MILTON AUBREY SOLOMON, | ) CASE NO.  09-42944-PWB |
| YVONNE SOLOMON, | ) |
| | ) |
| Debtors. | ) |
| - - - - - - - - - - - - - - - - - - - - - - - | ) - - - - - - - - - - - - - - - - - - - - - |
| GMAC MORTGAGE, LLC, | ) |
| | ) |
| | ) |
| Movant, | ) **CONTESTED MATTER** |
| VS. | ) |
| MILTON AUBREY SOLOMON, Debtor, | ) |
| YVONNE SOLOMON, Debtor, | ) |
| THOMAS D. RICHARDSON, Trustee, | ) |
| | ) |
| Respondents. | ) |

## NOTICE OF ASSIGNMENT OF HEARING

NOTICE IS HEREBY GIVEN that a Motion for Relief from Automatic Stay has been filed in the above-styled case.  If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date.  If a final decision is not rendered by the Court within sixty (60) days of the date of the request, Movant waives the requirement that a final decision be issued within that period. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

 **A HEARING will be held on October 28, 2009 at 10:15 AM in Courtroom 342, U.S Courthouse, 600 East First Street, Rome, GA 30161.**

Dated:  October 14, 2009
By:  _/s/_Robert Wilkinson___
     Robert Wilkinson
     McCurdy & Candler, L.L.C.
     250 E. Ponce De Leon Avenue, Suite 600
     Decatur, GA 30030 (404) 373-1612
     Attorney for Movant

*M&C File No.08-17407*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MILTON AUBREY SOLOMON,<br>YVONNE SOLOMON, | ) | CASE NO.  09-42944-PWB |
| | ) | |
| | ) | |
| Debtors. | ) | |
| - - - - - - - - - - - - - - - - - - - - - - - - | ) - - - - - - - - - - - - - - - - - - - - - - - - - | |
| GMAC MORTGAGE, LLC, | ) | |
| | ) | |
| | ) | |
| Movant, | ) | **CONTESTED MATTER** |
| | ) | |
| vs. | ) | |
| MILTON AUBREY SOLOMON, Debtor, | ) | |
| YVONNE SOLOMON, Debtor, | ) | |
| THOMAS D. RICHARDSON, Trustee, | ) | |
| | ) | |
| Respondents. | ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Comes now GMAC Mortgage, LLC as servicer for Deutsche Bank Trust Company Americas as Trustee for RALI 2006QS6, its successors or assigns, a secured creditor of the above-named Debtors, and respectfully shows the Court as follows:

1.

Milton Aubrey Solomon and Yvonne Solomon, hereinafter known as Respondents, filed a Petition for Relief under 11 U.S.C. Chapter 7 on July 23, 2009, and are therefore subject to the jurisdiction of this Court.

2.

This Court has jurisdiction over this Motion pursuant to 11U.S.C. §362.

3.

GMAC Mortgage, LLC as servicer for Deutsche Bank Trust Company Americas as Trustee for RALI 2006QS6, its successors or assigns, hereinafter referred to as Movant, is a secured creditor of Milton A Solomon and Yvonne Solomon pursuant to a first mortgage Note and Security

*M&C File No.08-17407*

Deed. The first mortgage is evidenced by a Promissory Note, dated April 26, 2006, in the original principal amount of $151,500.00. The first mortgage Promissory Note is secured by a Security Deed executed by Milton A Solomon and Yvonne Solomon, dated April 26, 2006 which conveys certain property now or formerly known as 10 Elmwood Place NE, Cartersville, Bartow County, Georgia, a true and correct copy of relevant portions of the deed is attached hereto and incorporated herein by reference as Exhibit "A". Said Security Deed is recorded in Deed Book 2056, page 440, Bartow County, Georgia Records.

4.

The Debtors' Statement of Intention provides for the surrender of this Property.

5.

Movant further alleges that there appears to be no equity in Movant's secured property and that such property is not necessary for an effective reorganization of the Respondents' affairs. Since the Respondents remain delinquent on payments to Movant, Movant's security interest in said property is not adequately protected.

6.

Pursuant to 11 U.S.C. §362, Movant is entitled to a termination of the Automatic Stay with respect to its secured property, for cause, since the lack of adequate protection exists.

WHEREFORE MOVANT PRAYS:

(a)  That the Automatic Stay entered by this Honorable Court pursuant to 11 U.S.C. §362 be modified so as to permit the Movant to exercise its right to foreclose its secured property under the terms of its Note and Security Deed and to send notices as required by state law; or, in the alternative, Movant at its option be permitted to contact the Debtors via telephone or written correspondence to offer, provide or enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement including a deed in lieu as allowed by state law.

*M&C File No.08-17407*

(b)  That the Movant's secured property be abandoned as property of the estate;

(c)  That the court waive the 10-Day Stay of Bankruptcy Rule 4001(a)(3);and

(d)  For such other and further relief as this Court deems just and proper.

McCURDY & CANDLER, L.L.C.

BY:   /s/  Robert Wilkinson
Robert Wilkinson
Attorney for Movant
GA. State Bar No. 760055
McCurdy & Candler, L.L.C.
(404) 373-1612 Telephone
(404) 370-7237 Facsimile
jwilkinson@mccurdycandler.com

250 East Ponce De Leon Avenue
Suite 600
Decatur, GA 30030

*M&C File No.08-17407*

```
GEORGIA INTANGIBLE
TAX PAID
$454.50
DATE 5/4/2006
CLERK OF SUPERIOR
COURT
BARTOW COUNTY
```

After Recording Return To:
MID-ATLANTIC FINANCIAL SERVICES, INC.
200 GALLERIA PARKWAY, SUITE 1300
ATLANTA, GEORGIA 30339

JON P. SPETALNICK
ATTORNEY AT LAW
200 GALLERIA PARKWAY NW
SUITE 1350
ATLANTA, GA 30339
(770) 644-0010 FAX (770) 644-0011

```
DOC# 009499
FILED IN OFFICE
05/04/2006    09:48 AM
BK:2056    PG:440-461
GARY BELL
CLERK OF SUPERIOR
COURT
BARTOW COUNTY
```

———————————————— [Space Above This Line For Recording Data] ————————————————

## SECURITY DEED

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated APRIL 26, 2006 , together with all Riders to this document.
(B) "Borrower" is MILTON A SOLOMON AND YVONNE SOLOMON AS JOINT TENANTS

Borrower is the grantor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the grantee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(D) "Lender" is MID-ATLANTIC FINANCIAL SERVICES, INC.

Lender is a   GEORGIA CORPORATION                                                    organized
and existing under the laws of  GEORGIA
Lender's address is    200 GALLERIA PARKWAY, SUITE 1300, ATLANTA, GEORGIA
30339

(E) "Note" means the promissory note signed by Borrower and dated APRIL 26, 2006 .
The Note states that Borrower owes Lender  ONE HUNDRED FIFTY-ONE THOUSAND FIVE
HUNDRED AND 00/100            Dollars (U.S. $151,500.00      ) plus interest.
Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than
MAY 1, 2036

GEORGIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3011 01/01                                        Page 1 of 13

*DocMagic eForms* 800-649-1362
www.docmagic.com

Ga3011.mzd

BK:2056   PG:441

(F)   "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property."
(G)   "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under
the Note, and all sums due under this Security Instrument, plus interest.
(H)   "**Riders**" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are
to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider       ☐ Condominium Rider            ☐ Second Home Rider

☐ Balloon Rider               ☒ Planned Unit Development Rider    ☒ Other(s) [specify]

☐ 1-4 Family Rider            ☐ Biweekly Payment Rider       PREPAYMENT RIDER, RIDER TO
                                                             SECURITY INSTRUMENT

(I)   "**Applicable Law**" means all controlling applicable federal, state and local statutes, regulations, ordinances and
administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial
opinions.
(J)   "**Community Association Dues, Fees, and Assessments**" means all dues, fees, assessments and other charges
that are imposed on Borrower or the Property by a condominium association, homeowners association or similar
organization.
(K)   "**Electronic Funds Transfer**" means any transfer of funds, other than a transaction originated by check, draft,
or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or
magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term
includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by
telephone, wire transfers, and automated clearinghouse transfers.
(L)   "**Escrow Items**" means those items that are described in Section 3.
(M)   "**Miscellaneous Proceeds**" means any compensation, settlement, award of damages, or proceeds paid by any
third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or
destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in
lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(N)   "**Mortgage Insurance**" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(O)   "**Periodic Payment**" means the regularly scheduled amount due for (i) principal and interest under the Note,
plus (ii) any amounts under Section 3 of this Security Instrument.
(P)   "**RESPA**" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing
regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or
successor legislation or regulation that governs the same subject matter. As used in this Security Instrument,
"RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan"
even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.
(Q)   "**Successor in Interest of Borrower**" means any party that has taken title to the Property, whether or not that
party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications
of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.
For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's
successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property
located in the                                       COUNTY    of BARTOW
                    [Type of Recording Jurisdiction]                          [Name of Recording Jurisdiction]

DocMagic *eForms* 800-649-1362
www.docmagic.com

Ga3011.mzd

- BK:2056   PG:442

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N.: 0069P00001001

which currently has the address of  10 ELMWOOD PLACE NE

[Street]

CARTERSVILLE                        , Georgia      30121      ("Property Address"):
[City]                                             [Zip Code]

TO HAVE AND TO HOLD this property unto MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of

GEORGIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          DocMagic *eForms* 800-649-1362
Form 3011 01/01                              Page 3 of 13                          www.docmagic.com

Ga3011.mzd

BK:2056   PG:452

BORROWER ACCEPTS AND AGREES to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

_____ (Seal)
MILTON A SOLOMON        -Borrower

_____ (Seal)
YVONNE SOLOMON         -Borrower

_____ (Seal)
                       -Borrower

_____ (Seal)
                       -Borrower

_____ (Seal)
                       -Borrower

_____ (Seal)
                       -Borrower

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

_____
Notary Public
State of Georgia

My commission expires:   4-17-06

(Seal)

VONDA WHITEHEAD BENTON
NOTARY PUBLIC
GWINNETT COUNTY, STATE OF GEORGIA
MY COMMISSION EXPIRES 4-17-10

GEORGIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3011 01/01                          Page 13 of 13

DocMagic eForms 800-649-1362
www.docmagic.com

Gs3011.mzd

BK:2056    PG:453

Date:  APRIL 26, 2006

Property Address:    10 ELMWOOD PLACE NE, CARTERSVILLE, GEORGIA 30121

EXHIBIT "A"
LEGAL DESCRIPTION

All that tract or parcel land lying and being in Land Lot 193 of the 5th District and
3rd Section of Bartow County, Georgia; and being Lot 73 of Woodberry Place
Subdivision, Phase II, as per plat recorded in Plat Book 52, Page 57, Bartow County
Georgia records, which plat by reference is incorporated herein and made a part
hereof.

DocMagic *eForms* 800-649-1362
www.docmagic.com

RE: **MILTON AUBREY SOLOMON**        **CASE NO. 09-42944-PWB**
      **YVONNE SOLOMON**                   **CHAPTER 7**
                                         **JUDGE BONAPFEL**

## CERTIFICATE OF SERVICE

I, Robert Wilkinson, of McCurdy & Candler, L.L.C., 250 East Ponce De Leon Avenue, Suite 600, Decatur, Georgia 30030, certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age;

That on the 14th day of October, 2009, I served a copy of the NOTICE OF ASSIGNMENT OF HEARING together with the "**MOTION FOR RELIEF FROM AUTOMATIC STAY**" to be filed in this bankruptcy matter by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to the said parties at:

Milton Aubrey Solomon
Yvonne Solomon
10 Elmwood Place, NE
Cartersville, GA 30121

Brian R. Cahn
Perrotta, Cahn & Prieto, P.C.
5 S. Public Square
Cartersville, GA 30120

Thomas D. Richardson
Chapter 7 Trustee
Brinson, Askew, Berry, et al.
P.O. Box 5007
Rome, GA 30162-5007

Steve Agee
Post Office Box 2374
Buford, GA 30515

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on 10/14/2009                            By:__/s/Robert Wilkinson
                                            Robert Wilkinson

*M&C File No.08-17407*